# N. Y. COMMON PLEAS.

## HENRY SCHNEIDER agt. AUGUST HOBEIN, and others.

Under the *mechanic's lien laws*, (*Laws* 1851, *and* 1863,) of the city of New York, where the owner makes a voluntary payment in good faith to the contractor, before the lien of a sub-contractor is filed, it is a good payment as against the sub-contractor, although by the terms of the contract the amount was not then due the sub-contractor and did not become due until after the time when the lien notice was filed.

But no voluntary payment made by the owner to the contractor after the sub-contractor, or workman, has filed his notice to lien, can in any wise affect or impair the lien of the latter.

*General Term, January,* 1871.

*Before* DALY, *Ch. J.,* LOEW, *and* LARREMORE, *JJ.*

APPEAL from a judgment entered upon the report of a referee.

This action was brought by the plaintiff, a sub-contractor street, in the city of New York, of which the defendant, to foreclose, a mechanic's lien on premises in East 55th Hobein was the owner.

It seems that the contractors, Kiechler and Huppert (the other two defendants) were to receive from the defendant Hobein, the sum of $4,100 for erecting the building in question.

Said sum was to be paid by installments, the last payment of $1,600, to be made on the completion of the building.

The plaintiff, at the request of the contractors, furnished materials for the erection of said building, amounting in the aggregate to the sum of $735.

David McAdam, Esq., the referee to whom the cause was referred, found as matter of fact that sometime before

the completion of the building, and before the plaintiff filed his notice of lien, the defendant, Hobein paid the contractors in advance on account of the last payment the sum of $600, and that subsequently at the request of the latter, he paid to Husted, Dunbar & Co., who had also furnished materials for said building, and whose notice of lien was filed prior to that of the plaintiff, the remaining $1,000 in full satisfaction of their lien.

The referee further found as matter of law, that the payment by the owner to Husted, Dunbar & Co., of said sum of $1,000, was a valid payment as against the plaintiff, but that the payment of $600 he made to the contractors, was not a good payment as against the plaintiff, so as to defeat the lien which the latter had filed before the said sum became due according to the terms of the contract.

He accordingly, ordered among other things, that the plaintiff have judgment, directing a sale of the premises, and that out of the proceeds he be paid the aforesaid sum of $600, with costs.

The defendant, Hobein appealed.

FLANAGAN *and* GROSS, *for owner, appellant.*

A. C. ANDERSON, *for claimant, respondent.*

*By the court,* LOEW, J.—Under the lien law of 1851, this court uniformly held that in order to entitle a sub-contractor or material man to a judgment against the owner as provided by said act, he must show either that at the time of the creation of the lien, by the filing of the notice, a debt was actually owing from the owner to the contractor upon the contract, or else that the same subsequently became due and owing. (*Smith* agt. *Coe,* 2 *Hilt.*, 365 ; *Ferguson,* agt. *Burk,* 4 *E. D. Smith,* 760 ; *Lynch* agt. *Cashman,* 3 *Id.,* 660; *Sullivan* agt. *Brewster,* 1 *Id.,* 682).

In our opinion, the act of 1863, (*Laws of* 1863, *chap.,* 500,) has not changed the law in this respect.

The clause in the third section of the last mentioned act which provides that, "no payment voluntarily made shall impair the lien of any person, except the one to the person so paid," and which is relied on to sustain this judgment we apprehend, was not intended to include or cover a case like the one at bar.

True, standing alone by itself, the clause referred to may appear broad enough to comprehend a case like this; but if it be read in connection with the preceeding part of the same sentence, it will, we think, become apparent that all the legislature intended to do, was simply to protect lienors in cases where several lien notices are filed for the same demand, as for instance, where the lien of the contractor includes the claim of a sub-contractor or workman to whom he is indebted, and who has filed a separate lien.

In the case put, it is clear that no voluntary payment made by the owner to the contractor after the sub-contractor or workman has filed his notice of lien, could in anywise affect or impair the lien of the latter.

But in the case under consideration, the owner made the payment to the contractors, which the referee decided was not good as against the sub-contractor, a full month before the latter filed his lien; and although by the terms of the contract, it was not then due, and in fact, did not become due until after the time when the lien notice was filed, still it having been made in good faith, the same was in our opinion, a good and valid payment as against the sub-contractor as well as the contractor.

Any other construction of the act would preclude the owner and contractor from in anywise altering, changing or modifying their contract, without making the former liable to the sub-contractors and workmen, upon and in conformity with the terms of the original agreement.

The lien law subrogates the person who has furnished material to, or worked under the contractor, and filed the necessary notice *pro tanto*, to the rights of the contractor,

under the contract, but unless in case of fraud, collusion or intent to evade the act, he can have no other or greater rights, and if before he has filed his lien a *bona fide* payment be made by the owner to the contractor, the same must, it seems to us, be held good as against him, as well under the act of 1863, as that of 1851. (*See Lynch* agt. *Cashman, supra.*)

In addition, it may be said, that a sub-contractor or material man like the plaintiff, can easily protect himself against loss, by going to the owner and inquiring of him the particulars in regard to the contract, and the money due and to become due upon the same, before he furnishes the materials.

But instead of doing this, it appears from the plaintiff's own testimony, that he never saw, or conversed with the owner in regard to the matter, until the day before he filed his lien, which was after he had furnished all the materials in question, and as before stated, one month after the owner had made the payment to the contractor.

It is not even claimed that the plaintiff ever saw the original contract, made between the owner and the contractor, or that he knew that by the terms thereof the last payment would not be due until the completion of the building, and that he furnished the materials relying on that fact.

It follows from what has been said, that the referee erred in deciding that the payment referred to was invalid as against the plaintiff.

But it appears from the testimony given on the trial by the owner himself, that after the plaintiff had filed his lien he paid the contractors $140, for extra work.

Now, the building contract provided, that the owner should be at liberty at any time during the progress of the work, to request any alteration, deviation, addition, &c., from said contract he might desire, and the fair and reasona-

ble value thereof should be added to or deducted from the amount of the contract, as the case might be.

This last payment was, therefore, clearly invalid as against the plaintiff.

The judgment should be reversed, and a new trial ordered, unless the plaintiff shall consent that it be reduced to $140, in which case it is affirmed for that amount, with costs of suit.

DALY, *Ch. J.*—I agree in the conclusions arrived at by Judge LOEW.

The respondent in support of the referees finding, has referred us to *Meehan* agt. *Williams*, (2 *Daly*, 367,) but that case did not present the point which is to be decided in this case. The action there was brought by the contractor, with the owner to foreclose the lien which the plaintiff had upon the building. His sub-contractors were parties to the action, and having also liens upon the building, we simply held that they were prior in point of equity to the lien of the plaintiff, which we could do in that action having all the parties before us, and the power to render a personal judgment against the contractor with the owner.