Reynolds, J.
The only question in this case is whether the findings of fact by the referee sustain his conclusions of law. The lien was filed, on April 23, 1874, against the defendant Stein as owner, and defendant'Meyer as contractor. The referee finds that Stein on April 20 paid to Meyer the whole contract price of his work; that such payment was made improperly *113 and collusively, in disregard of the plaintiff’s rights, and for the purpose of avoiding,the provisions of the mechanics’’ lien law.
The lien law provides, in substance, that if the owner shall pay any money on any contract for building, &c., “by collusion, for the purpose of avoiding the provisions of this act, or in advance of the terms of any contract,” such payment shall be ineffectual against demands made in pursuance of the provisions of said act (Laws of 1862, ch. 478, § 1).
The appellant claims that such provision does not reach the plaintiff’s case, because the referee has found, not that the payment was made in advance of the terms. of the contract, but in advance of the completion of the worJc. Conceding this objection to be well taken, the report of the referee still brings the case within one of the alternatives specified in the section referred to. Oru the subject of payment by collusion, for the purpose of avoiding the provisions of the act, the finding is in substance equivalent to the language, of the statute, and his conclusion of law necessarily followed.
The appellant seeks to avoid this result on the ground that the fact there found was not in. issue. It is true that it is not so alleged in the complaint, but as no evidence or exceptions are returned (save the exceptions to the findings) we must presume that the question was tried without objection. If objection had been, raised upon the trial, it would have been a proper case' to allow an amendment of the complaint, and in furtherance of justice such amendment would now be-allowed if necessary.
The judgment should be affirmed with costs, of the.appeal.
McCue, J., concurred..