Herbert *et al.* agt. Herbert *et al.*

---

## N. Y. COMMON PLEAS.

James J. Herbert *et al.* agt. John J. Herbert *et al.*

*Mechanic's lien — when the estate will not be bound by contracts of the trustee, executor or tenant in common for its improvement.*

A trustee having the control and management of the estate can make necessary repairs and incur other expenditures requisite for the protection of the property; but he cannot, unless authorized in the instrument creating the trust, make large and expensive improvements.

The mechanic's lien law only subrogates the subcontractor, *pro tanto* to the rights of the contractor, under the contract, and he can, except in case of fraud, collusion or intent to evade the act, have no other or greater rights.

Certain real and personal estate was conveyed to the defendant Herbert, in trust, to receive the rents, income and profits thereof and after paying the testator's just debts and liabilities, to apply the remainder to the support and maintenance of the wife and children of the said testator during the life of his said wife. Herbert, as trustee, employed the plaintiff to erect a new and large building in the place of an old one belonging to the estate whose roof leaked and which otherwise needed repairs. The plaintiff, as contractor, and others, as subcontractors, filed mechanic's liens against the trust estate for labor and materials furnished:

*Held,* that the work done by the plaintiff and others under the contracts with defendant was in the nature of large and expensive improvements and that the latter had no authority as executor to bind the estate with such contracts and the liens could not be sustained.

*July,* 1879.

---

Herbert *et al.* agt. Herbert *et al.*

---

*Gillett & Stiger*, attorneys for plaintiffs.    *R. S. Guernsey*, of counsel.

*Browne & Rabe*, attorneys for defendants.    *S. F. Knee-land*, of counsel.

F. W. Loew, *Referee.* — I have given a great deal of consideration to this case, and the result is that in my opinion none of the liens can be sustained.

By the terms of his will, John Herbert, deceased, devised and bequeathed all his real and personal estate to the defendant, John J. Herbert, in trust, to receive the rents, income and profits thereof, and after paying his just debts and liabilities, to apply the remainder to the support and maintenance of the wife and children of the said testator, during the life of his said wife. This was a valid trust under the Revised Statutes (1 *R. S.*, 729, *sec.* 55). The whole estate, therefore, both in law and in equity, became vested in the trustee, subject only to the execution of the trust (*Id., sec.* 60).

A trustee having the possession, control and management of the estate, can make necessary repairs, and incur other expenditures requisite for the protection of the property (*Perry on Trusts, sec.* 526; *Noyes* agt. *Blakeman*, 6 *N. Y.*, 567). But he cannot, unless authorized in the instrument creating the trust, make large and expensive improvements (*Perry on Trusts, sec.* 526; *Tailor* agt. *Baldwin*, 10 *Barb.*, 562; *and see Austin* agt. *Munro*, 47 *N. Y.*, 360).

In the present case I do not see how the improvements made can be properly called repairs. It is true the roof of the old building leaked, and it otherwise needed repairing, but I think all that was absolutely necessary to be done in that regard could have been done for a comparatively small sum of money; at all events there was no occasion for rebuilding the entire house, or, in other words, erecting another and much larger building in place of the old one, although in so doing the old materials were, as far as possible, used.

It seems to me that the work done by the plaintiffs and others, under the contracts with the defendant Herbert, was in the nature of what must be deemed large and expensive improvements, and that the latter had no authority as executor, to bind the estate with such contracts, under the provisions of the Revised Statutes (1 *R. S.*, 730, *sec.* 65) and the decisions of our courts already cited. Indeed, in a recent case it was held that a trustee could not bind the trust estate, even for necessary repairs, except by express contract to that effect, and that, although the work was done on the faith and credit of the trust estate, yet the trustee was only liable individually and not in his representative capacity (*New* agt. *Nicholl, MS. of Court of Appeals; S. C.,* 12 *Hun,* 431).

It is urged by the learned counsel for the plaintiffs, that even though the trust estate be not bound by the contracts referred to, yet, inasmuch as the defendant Higgins, by her answer, claims to hold the undivided one-half part of the premises in question, which was conveyed to her by the defendant Herbert, only as security for money advanced to him by her, the lien will attach to whatever personal and equitable interest Herbert may have in the said premises. I cannot, under the circumstances of this case, accede to this view. In the first place the notice of lien which was filed, specifies that the premises are owned by Mrs. Higgins and the defendant Herbert, as executor and trustee. If we assume that Mrs. Higgins was not the owner of an undivided half part of said premises, but was only a mortgagee, and that Herbert individually was such owner, then it follows that the ownership is misstated, and under recent decisions of this court the lien is void. Moreover, I take it, that as regards the plaintiffs, the rights and liabilities of the defendant Herbert are to be determined by the complaint and answer, and the evidence adduced under those pleadings, and cannot in any wise be affected by the answer of the co-defendant Higgins, and especially so as it is unsupported by any proof. As the plaintiffs only charged, and only sought

to charge, the interest of Mrs. Higgins and of the Herbert estate in the property, I do not see how they can now, in this proceeding, reach whatever personal interest the defendant Herbert may yet have therein.

Having come to the conclusion that plaintiffs have no valid lien, and cannot recover in this action, it follows as matter of course that the subcontractors cannot recover. The lien law only subrogates the subcontractor *pro tanto* to the rights of the contractor under the contract, and he can, except in case of fraud, collusion or intent to evade the act, have no other or greater rights (*Schneider* agt. *Hobein*, 41 *How.*, 234). Besides nearly all the liens of the subcontractors, including that of the contractor Powers, are, under recent decisions of this court, invalid because the requirements of section 5 of the lien act were not complied with ; and in the case of several lienors, the liens have ceased to exist, even if they had been otherwise valid, because no *lis pendens* was ever filed as required by section 8.

While, therefore, I am of the opinion that none of the contractors or subcontractors are entitled to recover in this action, it seems to me that no costs should be awarded against them. Section 19 of the lien act leaves the matter of costs entirely in the discretion of the court; and as these lienors have done their work in good faith, it seems to me to be hard enough that they should lose their money without, in addition, being subjected to costs.