54  419
130a 182

CHANCEY STEVENS, Appellant, *v.* BRIDGET M. REYNOLDS, E. H. OGDEN and A. P. BIGELOW, Respondents, Impleaded with Others.

*Mechanic's lien under chapter 342 of 1885 — a payment in advance of the time of the amount falling due under the contract is not in violation of this act — the sum paid must represent materials furnished or work done on the building.*

In an action. brought by one Stevens to enforce a mechanic's lien filed under the provisions of chapter 342 of the Laws of 1885, to recover the price of materials furnished towards a certain building, on the 15th day of February, 1887, it appeared that the firm of Ogden & Bigelow, between October 7 and November 6, 1886, had furnished to the contractor lumber of the value of $909, a portion of which, of the value of $400, was used in the building.

On November 15, 1886, the following order was given by the contractor to Ogden & Bigelow, addressed to the owner:

"NEW YORK, *Nov.* 15, 1886.
"H. M. REYNOLDS, Esq.:

. "Please pay to the order of E. H. Ogden & Co. nine hundred and nine and 49-100 dollars, and charge to account of my contract with you for the carpenter-work, at 115¼ Waverly place, it being for lumber materials used in construction of the same, the amount to be paid of the last payment of $1,900.

"ALEXANDER ANDERSON."

*Held,* that this order was an equitable assignment, *pro tanto,* of the amount of the last payment due by Reynolds, the owner, to Anderson, the contractor.

That there was nothing in the mechanic's lien law (chap. 342 of 1885) which in any way affected the right of Ogden & Bigelow to receive the amount mentioned in this assignment, to the extent, however, only of the value of the materials actually furnished by them for the building.

That it was not within the power of the contractor to pay in advance out of the fund in the hands of the owner a sum in excess of the amount due for materials furnished to the building, except subject to the operation of the lien law.

Chapter 478 of the Laws of 1862, the mechanic's lien law for Kings county, distinguished from chapter 342 of the Laws of 1885 by the fact that under the provisions of the latter act collusion must be shown, both where the payment is made for the purpose of avoiding the provisions of the act, and where it is made in advance of the terms of the contract, while under the former act it is not necessary to show collusion in the latter case.

*Post* v. *Campbell* (83 N. Y., 279) distinguished.

APPEAL by the plaintiff from a judgment, entered in the office of the clerk of the county of New York July 11, 1888, adjudging that the defendants, E. H. Ogden and A. P. Bigelow, were entitled to $909.94.

The action was brought to enforce a mechanic's lien. Upon the trial of the issues the parties affected by the appeal agreed upon the following state of facts.

*First.* The defendant, Bridget M. Reynolds, was, September 1, 1886, and still is, the owner in fee of the premises described in the complaint known as number 115½ Waverly place, in the city of New York.

*Second.* The defendant, Hugh M. Reynolds, was, and is, the husband of said Bridget M. Reynolds, and was her duly authorized agent to make contracts affecting said property.

*Third.* The defendant Anderson, on or about September 21, 1886, made a contract with the defendant, Hugh M. Reynolds, as agent of said Bridget M. Reynolds, to do certain carpenter work on

the building erected on said premises, and to furnish certain materials therefor.

The contract called for the completion of the work on or before October 20, 1886, and the payments to be as follows:

| | |
|---|---:|
| When all the trimmings should be done, except the basement ... ................................................. | $1,000 |
| When all the doors and sash should be hung, vestibule set up and hardware on ............................... | 1,000 |
| Thirty-five days after the completion of all the work.... | 1,900 |
| Making a total of ......................... ........: | $3,900 |

*Fourth.* That said Anderson entered on the performance of said contract, and received payments on account amounting to $1,950. That he failed to complete the work by October 20, 1886, and continued, with Reynolds' consent, to work on the building until about the 22d day of December, 1886, at or about which time the work was completed.

That certain portions of the work called for by the contract were omitted by Anderson and completed by Reynolds.

That the trial court has allowed $404.52 therefor. That certain other portions of the work were either waived by the owner or off-set by other work furnished. That the amount adjudged to be due said Anderson on said contract, after making said deduction, is $1,545.48.

*Fifth.* That the plaintiff, between September 13 and December 4, 1886, furnished for and delivered to defendant Anderson, lumber to the value of $1,097.93, which lumber was used in the construction of said building; that no part of said claim has been paid.

*Sixth.* That on the 15th day of February, 1887, and after the said lumber had been fully furnished, and within ninety days after the final furnishing thereof, the plaintiff duly filed in the office of the clerk of the city and county of New York, a notice of lien, duly verified, against the said premises for the value of said lumber materials, as above set forth, under and in pursuance of the provisions of chapter 342 of the Laws of New York, passed May 27, 1885.

*Seventh.* That between October 7th and November 5, 1886, the defendants, Odgen & Bigelow, furnished to the defendant Anderson

lumber of the value of $909.94, a portion of which, to the value of about $400, was used in said building. No part of said $909.94 has been paid.

*Eighth.* That on or about November 15, 1886, defendant Anderson executed and delivered to the defendants Ogden & Bigelow (who were copartners in business under the firm name of Ogden & Co.), an instrument in writing as follows :

"NEW YORK, *Nov.* 15, 1886.

" H. M. REYNOLDS, Esq. :

" Please pay to the order of E. H. Ogden & Co., nine hundred and nine 94–100 dollars and charge to account of my contract with you for the carpenter work at 115½ Waverly place, it being for lumber materials used in construction of same, the amount to be paid of the last payment of nineteen hundred dollars.

" ALEXANDER ANDERSON."

This paper writing was given and accepted as payment for the lumber furnished as aforesaid. That said writing was presented to said Hugh M. Reynolds, in the presence and at the request of said Anderson, on the 15th day of November, 1886, and due notice thereof was given said Reynolds, *but no acceptance in writing was given.*

BRADY, J. :

The learned justice held in the court below that the order given to Ogden & Co. for $909.94, was an equitable assignment *pro tanto* of the amount of the last payment due by Reynolds to Anderson, the contractor, and that there was nothing in the mechanic's lien act of 1885 (chap. 342) which in any way affected their right to be paid the amount mentioned in the assignment, and this is really the only question which requires consideration for the reason that the conclusion of the learned justice that the order given to Ogden & Co. was an equitable assignment, *pro tanto*, is clearly established by the case of *Brill* v. *Tuttle* (81 N. Y., 457), inasmuch as the sum mentioned in it was made payable out of a particular fund which was clearly a distinguishing characteristic of the order referred to. There is nothing in the case of *Gunther* v. *Damstadt* (Daily Register of March 20, 1888) which conflicts with this view. There it was held that the paper in question was a mere draft and that the circum-

stances attending the drawing and delivery did not indicate an intention to assign any part of the fund.

The act of 1885 (chap. 342) declares that if the owner or person in interest shall, for the purpose of avoiding the provisions of the act, or in advance of the terms of any contract, pay by collusion any money or any other valuable thing on such contract, he shall be liable for the amount that would have been unpaid to the contractor, sub-contractor or assignee had the owner or other person in interest made no such payment or given no such mortgage or effected no lien or incumbrance at the time of filing the notice of lien prescribed in the fourth section of the act. The appellant's contention seems to rest upon the misunderstanding of the provisions just referred to, and illustrated by his dependence upon decisions relating to the mechanic's lien law of 1862 for Kings county (chap. 478), and the case of *Post* v. *Campbell* (83 N. Y., 279) in which the Court of Appeals construed that act and held that payments in advance of the terms of the contract, although without fraud or collusion, could not be held against a lienor. It is conceded by the appellant's counsel that in that act the word collusion did not appear in the precise connection that it does in the act of 1885. An examination of the different sections will show that by the act of 1862 two classes of payment were provided against, first, a payment by collusion for the purpose of evading the provisions of the act; and, second, in advance of the terms of any contract; which is entirely different from the language employed by the legislature in the act of 1885, which applies the word collusion to both classes of payment referred to in the act of 1862, the language being shall "for the purpose of avoiding the provisions of this act, or in advance of the terms of any contract, pay by collusion any money," etc. The reasoning, therefore, of Justice Rapallo in the case mentioned does not apply. Indeed, the learned judge said: "But when provision is made against payments in advance, I find none which requires that such payments in advance be made by collusion or fraudulently." It should be observed that *Post* v. *Campbell* was decided in 1881, several years, therefore, before the passage of the act of 1885. In *Munger* v. *Curtis* (42 Hun, 466), in discussing section 2 of the act of 1885, Justice Pratt said that section only applies to cases where the money is paid or the incumbrance put

on by the owner for the purpose of defrauding the contractor or sub-contractor. There being no evidence in the case establishing collusion, as to the entire sum covered by the assignment, it was proper that the assignees should recover of that amount a sum equal to the value of the lumber furnished by them towards the construction of the building, and nothing more.

It is true that the learned justice in the court below proceeded upon the doctrine affecting equitable assignments, declaring the assignee to be entitled to the whole sum embraced in the assignment. But this view cannot be sustained in view of the provisions of the act of 1885, and which were in existence prior to the assignment, and, indeed, prior to the contract between the owner and the builder herein.

The fund which was provided for by the contract in payment of materials to be furnished and services to be rendered, was, by the act, appropriated upon certain conditions; being applied to the payment of claims for services rendered and materials furnished to the building, and, although payments in advance by collusion were prohibited, nevertheless, the spirit of the act, breathing in every section, is that the sum to be paid shall be secured to the labor and materialmen. It was not in the power, therefore, of the contractor to pay in advance, by assignment or otherwise, out of that fund a sum in excess of the amount due for materials furnished for the work done upon the building, except subject to the operation of the lien law, the provisions of which were equally binding upon him and his assignee. There does not seem to be any room for doubt that it was the intention of the legislature to secure the amount of the contract for the payment of materialmen and laborers, giving to them a lien upon it, upon their compliance with the necessary requirements.

For these reasons it is thought that the assignee should be limited to the amount of the material actually furnished for the building to which the lien relates, and the judgment should be so modified as to secure that result.

Ordered accordingly, without costs to either party.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Judgment, as modified by opinion, affirmed, without costs to either party.