# SUPREME COURT.

## JOHN B. HUXFORD agt. CHARLES BOGARDUS.

Where *notice of a mechanic's lien*, (*Sess L.* 1854, *Ch.*, 402, is properly filed, and an action is thereafter duly commenced to enforce such lien, if, during the pendency of the action, the *year expires* in which the statute limits the lien, the plaintiff must be *nonsuited with costs*.

And the court has *jurisdiction* to award costs to the defendant in such case.

*Albany Special Term, August,* 1870.

MOTION to set aside a judgment.

On the 1st day of August, 1868, the plaintiff filed a notice under the mechanic's lien law. *(Sess Laws,* 1854, *Ch.,* 402.) Within the proper time he commenced an action under said act, to enforce his lien. The defendant answered, and issue was joined about October 10, 1868. On the 16th of February, 1869, at the Greene circuit, on motion of plaintiff's attorney, and on consent of defendant's attorney, the action was referred. The action was brought to a hearing before the referee, and on the 8th day of July, 1870, the plaintiff's counsel announced that the evidence on the part of the plaintiff, was closed. The defendant's counsel then moved for a nonsuit on the ground that more than one year had expired since the creation of the lien. The referee granted the motion, and reported that the defendant should recover costs against the plaintiff. Judgment for $116 35 costs, was thereupon perfected in favor of defendant against the plaintiff, July 20, 1870. This judgment, the plaintiff now moves to set aside on the ground that the expiration of the lien deprived the court of jurisdiction to award costs to either party.

JAS. B. OLNEY, *for defendant.*

OLNEY & KING, *for plaintiff.*

LEARNED, J.—Under this mechanic's lien law the claimant, by filing his notice with the proper clerk, acquires a lien, which (unless sooner discharged,) continues one year. *(Sect.,* 1, 4, 20.) The lien then ceases. *(Freeman* agt. *Cram,* 3 *N. Y.,* 305 ; *Grant* agt. *Vandercook,* 2 *Albany Law Journal,* 52.) In order to make this lien available, this same statue authorizes the commencement of an action " to enforce said lien." (*Sect.* 6.) This action, after issue joined, is to be "governed, and tried in all its respects, as upon issues joined, and judgments rendered in other actions arising on money demands upon contracts" (*Sect.* 14.) Costs and disbursements are to be allowed to either party upon the principles, and by the same rules as in actions on contract. (*Sect.* 16.) It may be important to bear in mind that the creation of the lien is a matter entirely distinct from the action to enforce; just as distinct as the execution of a mortgage is from the action to foreclose.

The cases of *Grant* agt. *Vandercook,* has decided that, notwithstanding the commencement and pendency of the action, the lien ceases at the expiration of the year ; and that, therefore, after it has ceased, the court has no right to enforce it. And the general term in that case set aside a judgment recovered in favor of the plaintiff, after the lien had ceased, with costs.

The motion now before the court presents this question : A plaintiff at the commencement of his action has ( or may be supposed to have) a good cause of action ; before the conclusion of the trial that cause of action ceases by its own limitation, known to the plaintiff at the commencement of the action. What should be the verdict or report of the referee and what the judgment ?

It seems to me that the plaintiff must be nonsuited, and that the defendant is entitled to costs.

The argument of the plaintiff's counsel in this case is that the court has no jurisdiction, and therefore, no power to act. And this is based on some language used in the

opinion in the case of *Grant* agt. *Vandercook.* But I think, that the court must have used the words, " *without jurisdiction*" in that opinion with the meaning that the cause of action had ceased, and that hence there was nothing for the court to enforce. I do not think that the question of jurisdiction, in the strict meaning of that word, was before the court, and I am quite sure it was not passed upon.

Suppose, for instance, that a plaintiff should commence such an action as this, after the expiration of the year. Could not the defendant appear and answer and recover costs? Or suppose that a plaintiff should commence an action to foreclose an alleged mortgage, and it should appear on the trial that no such mortgage had ever existed ; while it is true that in a certain loose sense, we might say that the court had no jurisdiction to enforce a mortgage which had no existence, yet, there could be no doubt that the court could award costs to the defendant.

It may be said that it is a hardship on the plaintiff to award costs against him. But it must be remembered that the defendant may have a good defense to this claim on the merits, which he might have shown, if the action had been disposed of during the year. And it would be dangerous, in case the plaintiff should fear that he could not succeed on the merits, to permit him to escape costs by failing to perfect judgment within the year.

When the plaintiff begins his action, he knows that he must perfect a judgment, if at all, within the year from the commencement of the lien. It must be at his peril, if he fail within that time to secure his rights.

I may remark that possibly, upon good cause shown, the court might allow a plaintiff in circumstances like the present to discontinue without costs ; as in case of a discharge in bankruptcy after the commencement of the action, and the like. But that question is not before me.

I must deny the motion, with $10 costs.