## SCHMALTZ et al. v. MEAD et al.

### WOOD v. SAME.

*(Common Pleas of New York City and County, General Term. April 1, 1889.)*

1. MECHANICS' LIENS—AGAINST WHOM ENFORCEABLE.

   Laws N. Y. 1885 provide that any person who performs labor or furnishes materials which have been used in the erection of a building with the consent of the owner or his agent, or any contractor or subcontractor, or any person contracting with such owner, may have a lien; and that in cases in which the owner has made an agreement to sell and convey the premises to the contractor or other person, such owner shall be deemed to be the owner, within the meaning of this act, until the deed has been actually delivered and recorded. K. constructed buildings under a contract with M., by which the latter was to advance to K. certain sums of money as the work progressed, and when the buildings were completed, they, and the land upon which they stood, were to be conveyed to K., who was to give a mortgage to secure the payment of the purchase money, and the repayment of moneys advanced. *Held*, that the transaction constituted an agreement for a sale, within the meaning of the act, and that the fact that M. had advanced all the specific sums required by his contract with K. would not preclude a liability on his part to mechanic's lienors.

2. SAME.

   In such case, where the contract was assigned by M. to his wife before the work was performed, the latter advancing all the money under it, and the contract being solely for her benefit, a presumption that she consented to the improvements is raised.

Appeal from judgment on report of referee.

Actions by William Schmaltz, Andrew Schmaltz, and Gilbert Wood against Sarah F. Mead, George W. Mead, and others. From the judgment given Sarah F. Mead appeals.

Argued before LARREMORE, C. J., and DALY and VAN HOESEN, JJ.

*Sewall Sergeant,* for appellants. *Bartlett, Wilson & Hayden, Merritt A. Potter,* and *William E. Stewart,* for respondents.

LARREMORE, C. J. These actions were consolidated by order of the court, and have been tried together. The plaintiffs and the defendants Witt and Abbott are mechanics and material-men, who have performed labor and furnished materials upon, and which were used in the erection of, certain buildings upon land in Madison avenue, in the city of New York, owned by the defendant Sarah F. Mead. In this action it is sought to foreclose mechanics' lien filed by them respectively. The labor and materials were performed

and furnished under employment and purchase by one George Kuhn, since deceased. The latter started to construct the buildings in question under contracts with the defendant George W. Mead, in which, among other things, it was provided that said George W. Mead should loan and advance to Kuhn certain sums of money from time to time as the work progressed, and when the houses were completed, and not until then, they, and the land upon which they stood, should be conveyed to Kuhn, and he should give mortgages to secure the payment of the purchase money thereof, and the repayment of the moneys loaned and advanced to him. On the 20th day of April, 1886, the said defendant George W. Mead assigned the contracts with said George Kuhn, and all rights and privileges thereunder, to the defendant Sarah F. Mead. The learned counsel for the defendants Mead endeavored in his argument to establish that, although the contracts between the Meads and Kuhn were, in terms, contracts merely for the sale of land, and the giving of mortgages thereon, they nevertheless were in substance, and were understood by all the parties to be, the ordinary contracts for the erection of buildings. The object of this contention is to have the court treat Kuhn as a contractor, and the various mechanics and material-men as subcontractors. The defendants Mead would then claim that, as they have advanced all the specific sums of money required of them in said contracts, they have paid to their immediate contractor all to which he was entitled, and that therefore there is nothing on which to base the liens of his employés. But the provisions of these contracts are perfectly plain, and I can see no reason for taking them but agreements for the sales of land. The mere fact that the word "pay" or "paid" is used in the instruments to characterize the advances of money from Mrs. Mead to Kuhn is not sufficient to override the clearly expressed intentions of the parties. This being premised, certain provisions of the mechanic's lien law of 1885, under which these notices of lien were filed, exactly cover the facts before us. Section 1 enacts that any person who performs labor or furnishes materials which have been used in erecting a building, "with the consent of the owner, as hereinafter defined, or his agent, or any contractor or subcontractor, or any person contracting with such owner, * * * may have a lien." Section 5 provides that "in cases in which the owner has made an agreement to sell and convey the premises to the contractor or other person, such owner shall be deemed to be the owner, within the intent and meaning of this act, until the deed has been actually delivered and recorded conveying said premises pursuant to such agreement."

Mrs. Mead has never conveyed the land in question, and section 5 thus, for the purposes of this controversy, defines the word "owner" as used in section 1. Furthermore, the concluding clause of section 1 shows that it was not the intention of the legislature to limit its scope to cases where an actual sum of money was due under a contract from the owner of the land to some person, for it expressly contemplates a case where the owner is not under any contract at all. Reading these provisions of the act of 1885 together, the main objections advanced by appellants are so fully met by the expressed language of the statute, that it only remains to decide whether the work and materials were performed and furnished "with the consent of the owner," within the meaning of section 1. It appears that the owner's husband acted as her general agent, with full discretion, throughout the transaction. If the property was his instead of hers, probably it would not be claimed that his consent was wanting, for he made the contracts with Kuhn for the conveyance of the property, and moreover had actual knowledge of everything that transpired about the buildings. But Mr. Mead had assigned these contracts to his wife before the work was performed. All the money that was advanced was her money, and said contracts were solely for her benefit. These facts certainly raise a presumption of knowledge of the improvements, and of tacit consent on her part, which, according to the ordinary principle of agency, and

under many adjudications upon similar statutes, is sufficient to establish the lien. *Otis* v. *Dodd*, 90 N. Y. 336; *Husted* v. *Mathes*, 77 N. Y. 388; *Hackett* v. *Badeau*, 63 N. Y. 376; *Nellis* v. *Bellinger*, 6 Hun, 560; *Hammond* v. *Shepard*, 3 N. Y. Supp. 349, (Gen. Term Sup. Ct. Third Dept. Nov. 20, 1888.) The judgment should be affirmed, with costs.