### OTTIWELL *v.* MUXLOW *et al.*

(*Common Pleas of New York City and County, General Term.* June 3, 1889.)

1. MECHANIC'S LIEN—CONSENT OF OWNER.
   An unfinished skating-rink was leased to an irresponsible person, who immediately completed the building and who paid no rent. The lessor's husband made the building contracts for the tenant, and offered to pay for the work. As soon as the building was completed the lessor took possession. *Held*, that she had consented to the completion of the building within the meaning of Laws N. Y. 1885, c. 342, § 1, which gives a mechanic's lien for work done "with the consent of the owner" of the land.

2. SAME—EVIDENCE.
   In an action to enforce a lien for such work, evidence of the dealings between the lessor and a former lessee are admissible to show whether or not the second lease was made in good faith.

Appeal from special term.

Action by John D. Ottiwell against Jane B. Muxlow, Herbert H. Muxlow, James O. Watkins, Peter A. H. Jackson, Jenkin Jones, and Lawrence A. Thole, to foreclose a mechanic's lien upon the "Coliseum Rink," a building standing on land belonging to defendant Jackson, but which he had leased to defendant Jane B. Muxlow, and which she had sublet to defendant Watkins. The court decreed a lien against Watkins and Jane B. Muxlow. Mrs. Muxlow alone appeals. Laws N. Y. 1885, c. 342, § 1, gives a mechanic's lien for work done or materials furnished "with the consent of the owner" of the land.

Argued before BOOKSTAVER and ALLEN, JJ.

*Edward P. Wilder*, for appellant. *Lewis Hurst*, for respondent Ottiwell. *Arthur Hurst*, for respondent Thole.

BOOKSTAVER, J. The main question on this appeal is whether the appellant, as superior landlord of the premises, is liable for the improvements and repairs made on them under contracts with her lessee. This depends on whether these improvements or repairs were made with appellant's consent, within the meaning of section 1, c. 342, Laws 1885. What that word, as there used, means, we think well stated by the learned judge who tried the case, when he said: "Consent implies a degree of superiority; at least, the

power of preventing. It implies not merely that a person accedes to, but authorizes, an act;" citing Crabbe's synonyms. Applying this rule, the learned judge who tried the case we think very properly dismissed the complaint as to Jackson, the owner of the fee, who was originally sued with Mrs. Muxlow, the lessee; for there was no evidence that connected him with the work done. He was neither party nor privy, nor did he, in the sense above defined, give his consent to such improvements.

Judged by the same rule, we think the evidence fully sustains the findings that the work was done and materials furnished in the course of the erection and completion of the Coliseum rink with the consent of the appellant. There is little or no conflict in the evidence. While it is true that the lease executed by Mrs. Muxlow to her lessee, Watkins, contains no provision that any improvements should be made on the buildings, and while there is no direct proof of any active consent on her part to such improvements, yet from the whole course of her dealings with the property; the fact that the buildings on the property leased by her to Watkins were erected and intended to be used for a skating-rink, yet were not complete; that further work was required to make them available for that purpose; that immediately upon taking the lease Watkins proceeded with that work; that no rent was paid while the work was proceeding; that when the contractors stopped her husband offered to pay for the completion of the work; that immediately upon its completion both Mrs. Muxlow and her husband are found in charge of the premises, taking in all the money that was received, and applying it to their own use, together with the fact that her husband was the controlling spirit who moved Watkins, with whom the mechanics made their contracts; that Watkins was a man of no pecuniary means, and was, as the learned justice regarded him, a mere dummy in the matter,—I feel no hesitation in coming to the conclusion that the lease to Watkins, and his contracts with the mechanics, were a mere device, whereby the Muxlows hoped to complete the buildings without expense to themselves, and that it was their intention that the buildings should be completed in the manner they were; and these facts, together with her dealings with the former lessee, fully establish her consent to the making of the improvements as they were made, and her liability for them.

The appellant objected to the introduction of any evidence of the former dealings. Where a scheme of this kind is started, the proof of the owner's complicity does not lie on the surface, but must be inferred from the way in which he dealt with the property, and the earlier transactions were properly admitted in evidence to throw light upon that question. I think no error was made on the trial of the case, and that the judgment should be affirmed, with costs.