## CUNIGUNDE LISTMAN, Respondent, *v.* JOHN HICKEY, Appellant.

*Specific performance — a fire occurring after the contract is made, but before a deed was to be given, excuses the vendee.*

On December 5, 1889, John Hickey agreed, in writing, to sell certain land, together with personal property thereon, to Cunigunde Listman, the deed thereof to be delivered on January 3, 1890. About January 1, 1890, the premises were seriously damaged by fire. Listman, who refused to take title, for reasons which did not include any objection because of the fire, subsequently brought an action to recover the money paid by her at the time of the execution of the contract, on the trial of which evidence relative to the fire was admitted without objection. *Held,* that she was entitled to recover.

That it must be considered that Listman was entitled to the premises, inasmuch as they consisted of both real and personal property, in the condition in which they were when contracted to be sold, and that her refusal to receive them in a damaged condition was not a breach of her contract obligation.

*Semble,* that the rule would have been otherwise had the contract related exclusively to real estate. (Per Patterson, J.)

*Semble,* that an equitable action might have been brought by the defendant Hickey to enforce the contract, compensation being made to Listman for the damage occasioned by the fire.

Appeal by the defendant John Hickey from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 16th day of February, 1892, upon a verdict for the plaintiff for $1,355.90, and costs, after a trial at the New York Circuit before the court and a jury; also from an order of said court, entered in said clerk's office on the 16th day of February, 1892, denying a motion for a new trial.

*S. H. Stuart,* for the appellant.

*S. D. Levy,* for the respondent.

Van Brunt, P. J.:

This action was brought to recover the amount which had been paid on an agreement to convey certain premises in the city of New York and the counsel fees and disbursements incurred by the plaintiff in the examination of the title of the premises.

Upon the trial it appeared that on the 5th of December, 1889, the plaintiff and defendant entered into an agreement in writing whereby the defendant agreed to sell to the plaintiff the premises in

question, together with certain personal property therein. One thousand dollars was to be paid upon the execution of the contract, and the balance to be paid as provided in the agreement. The defendant agreed to execute and deliver the usual warranty deed on or before the 3d of January, 1890, upon receiving payment of the balance, and the plaintiff had the privilege of taking title on the 20th of December, 1889. On the 31st of December, or the 1st of January, 1890, the premises were damaged by fire and water to the amount of about two or three thousand dollars. On the 3d of January, 1890, the plaintiff refused to take the title, various objections being raised; nothing, however, was said about the fire. Thereupon the plaintiff brought this action alleging the agreement, and that the defendant on the 3d of January, 1890, failed and neglected and refused to give to the plaintiff a deed conveying the said premises pursuant to the agreement, and that the plaintiff then informed the defendant that she elected to rescind and annul the agreement, and demanded the repayment to her of the sum paid and her expenses. The answer admitted the agreement, denied the refusal to convey, and asked for damages by reason of the failure of the plaintiff to take the premises as agreed upon. Upon the trial evidence was admitted, without objection, showing the damages to the premises by fire and the loss of certain personal property upon the premises which was included in the agreement. The court thereupon directed a verdict in favor of the plaintiff, and from the judgment thereupon entered this appeal is taken.

It is claimed upon the part of the appellant that the objection in reference to the fire not having been raised as a ground for rejecting the title, it could not be availed of upon the trial. Under the pleadings, if the evidence in respect to the fire had been objected to, it may possibly be that it could not have been admitted. But this evidence, having been admitted without any objection as to its admissibility under the pleadings, such pleadings may upon this appeal be made to conform to the proof in order to support the judgment.

But it is further claimed that the happening of the fire afforded no ground for the refusal of the plaintiff to accept the deed, or for the rescission and annulment of the contract by her; and that the fact that a building contracted to be sold is damaged or even

destroyed by fire between the time of the execution of the contract and the time fixed for the delivery of the deed is no defense to an action for the purchase-money, and, *per contra,* no ground for a rescission of the contract or the payment of the amount paid upon the execution thereof.

Certain authorities are cited to support this proposition. But we fail to find that they bear out the contention. In fact, the case of *Goldman* v. *Rosenberg* (116 N. Y., 85) seems to establish the contrary proposition. And in the case of *Smyth* v. *Sturges* (108 N. Y., 502), as correctly stated by the court below, it was held that under a contract similar to the one at bar the defendant was entitled to the premises in the condition in which they were bargained for, and refusal to take them in an altered and inferior condition was not a breach of the contract.

It might very well be that an action in equity for the performance of the contract might have been maintained, compensation being made to the plaintiff for the damage to the premises and property in question. But no such relief was asked for upon the part of the defendant. He insisted that he had duly performed all the conditions in the agreement, and that the plaintiff had failed to comply with the conditions and terms of the contract upon her part, and damages were claimed by reason of the failure of the plaintiff to take her title. Therefore the parties put themselves strictly upon their legal rights ; and under such circumstances it is clear that the only judgment which could be granted was that which was directed by the court below.

The judgment and order should be affirmed, with costs.

O'BRIEN, J., concurred.

PATTERSON, J. :

I concur in the result for the reason that the contract contemplated the purchase and sale of both real and personal property. Had land and the buildings on it alone been the subject of the contract, a different conclusion might have been reached. As is said in *Clinton* v. *Hope Insurance Company* (45 N. Y., 465), " the general rule is that the vendee in a contract for the sale of land is entitled to any benefits or improvements happening to the land after the date of the contract, and must bear any losses by fire or

otherwise which occur without the fault of the vendor. (Dart on Vendors, 116; 1 Sugd. on Vendors, 468; *Paine* v. *Meller*, 6 Ves., 349.)" But where land and personal property are both the subject of the contract the agreement is entire, and the personal property being destroyed the vendor cannot perform; and as the vendee can-not get what he contracted for he is not liable for the price in an action at law, and is entitled to recover back what he paid.

Judgment and order affirmed, with costs.