HAVENS *v.* WEST SIDE ELECTRIC LIGHT & POWER CO. *et al.*

STRIKER *v.* VINCENT *et al.*

(*Supreme Court, General Term, First Department.* November 18, 1892.)

1. MECHANIC'S LIEN—BUILDING ON LEASED GROUND—LIABILITY OF LANDLORD.
    Where a lease of land contains no permission or provision giving the lessee, an electric light company, the right to construct any building or to put any machinery on the land, the land cannot be held for a mechanic's lien for a building erected by the lessee on the ground that the owner consented to its construction, since he was not in possession of the premises, and had no power either to dissent from or consent to such construction. 17 N. Y. Supp. 580, affirmed.

2. SAME—CONSENT OF LANDLORD.
    The fact that the owner participated slightly in the construction of the building is not proof of such consent, when it appears that he was acting as agent of the company which had leased the land.

Appeal from special term, New York county.

Action by James H. Havens against the West Side Electric Light & Power Company and others, Elsworth L. Striker, and Charles R. Vincent and another, to enforce a mechanic's lien. From the judgment, which, among other provisions, directed a dismissal of the complaint as to defendant Striker, who was the owner of the land on which the building was erected, (17 N. Y. Supp. 580,) defendants Charles R. Vincent and another appeal. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and LAWRENCE, JJ.

*James M. Hunt,* for appellants. *Geo. Bliss,* for respondent.

VAN BRUNT, P. J.   We see no reason to differ from the conclusion arrived at by the learned justice who tried the cause below, and we think that the judgment appealed from should be affirmed for the reasons assigned by him in his opinion.   It does not seem to us that it could possibly have been the intention of the legislature to make the owner of land which he has leased for a long term of years liable for improvements made upon this land for purposes of trade by his tenant.   The mere fact that he may know that the tenant contemplates making certain improvements, or applying the property to certain purposes, certainly cannot make the owner liable for the moneys expended by his tenant in the doing of such work.   It seems to us that the clear intent of the statute was to prevent the owner of real estate from permitting improvements to be made upon his property, from which he is to derive an ultimate benefit, and which, without his consent or acquiescence, could not be made, without incurring some obligation to those who have supplied labor and materials for the making of such improvements.   But in those cases where the owner has no power to prevent the tenant from making such improvements as he sees fit, and from which the owner can derive no ultimate benefit, it never could have been the intention of the legislature to make such owner liable, and it is doubtful, if they had attempted to do so, whether it lies within their power.   The granting of an extra allowance, no costs having been allowed, seems to have been unauthorized.   This amount should be stricken from the judgment, and the judgment, as modified, affirmed, with costs.   All concur.