(4 Misc. Rep. 196.)

### ROBBINS et al. v. ARENDT et al.

(Common Pleas of New York City and County, General Term. June 19, 1893.)

1. MECHANICS' LIENS—LIABILITY OF OWNER—FORECLOSURE OF MORTGAGE.

A purchaser of land at a mortgage foreclosure sale does not acquire title thereto until the delivery of the sheriff's deed, and he is therefore not liable for materials furnished in the construction of a building thereon between the time of the sale and the delivery to him of such deed.

2. SAME—MATERIAL MEN.

One who has furnished material or has done work for a contractor cannot acquire a mechanic's lien therefor, against the owner of the land, after the latter has, in good faith, and as provided by the terms of the building contract, paid the contractor in full for the material furnished or work done.

Appeal from city court, general term.

Action by Arthur J. Robbins and Frank W. Robbins against Simon Arendt, Julius Lipman, and Moses Kind, impleaded with John W. Hutton, to foreclose a mechanic's lien. From a judgment of the general term of the city court (20 N. Y. Supp. 992) affirming a judgment of the special term in favor of plaintiffs, defendants appeal. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

George W. McAdam, for appellants.
Phillips & Avery, for respondents.

BOOKSTAVER, J. This action was commenced in the city court to foreclose a mechanic's lien filed against the property on the northeast corner of Amsterdam avenue and Ninety-First street, in this city. It was brought on the theory that the defendant Arendt, as the owner of the property, consented to the furnishing of the materials, and to the improvement of his property thereby, and that, inasmuch as such owner had made no contract with anybody for the furnishing of the labor and materials, he was liable to the plaintiffs by reason of such consent. This theory was maintained with much ingenuity both on the trial and on the appeal to this court, but we do not think the facts found by the court below sustain the contention, or the conclusions of law reached by it. Even on respondents' theory, this judgment cannot be maintained, in its integrity, for it appears from the findings that one Edward Smith was the immediate predecessor of the defendant Arendt in the ownership of the property in question, subject to a mortgage held by the defendants Kind & Lipman, and was such owner when he entered into a contract with the defendant John W. Hutton to furnish, among other things, the hardware required in the buildings on this property, and when Hutton made his subcontract with plaintiffs. It also appears that the property was sold under a decree of foreclosure and sale of the above-mentioned mortgage on the 31st day of August, 1891, at public auction, and bid in and purchased by the defendant Arendt, but that the deeds for the same were not acknowledged or delivered to the purchaser until the

20th day of November, 1891, although dated the 31st of August of that year. Under these circumstances, respondents contend that Arendt's title relates back to the date of the deed, or that, at least, he became the equitable owner of the property from that date, and as such could and did consent to the improvements made thereon, and should be compelled to pay therefor. This rule has been applied in the case of private contracts between parties when the work was done with the knowledge and consent of the purchaser after the contract, and before the delivery of the deed. Rollin v. Cross, 45 N. Y. 766, 770. But, in this case, Arendt purchased at a public foreclosure sale by order of the court, and a different rule obtains. In such case the purchaser only acquires title on the delivery to him of a deed duly acknowledged. Strong v. Dollner, 2 Sandf. 144; Clason v. Corley, 5 Sandf. 453; Mitchell v. Bartlett, 52 Barb. 319; Cheney v. Woodruff, 45 N. Y. 98. Until that time the owner of the equity, if in possession, will be deemed the owner, (Knapp v. Brown, Id. 207; Reid v. Bank, 1 Sneed, 262; Otley v. Haviland, 36 Miss. 19; Marston v. Stickney, 60 N. H. 112;) and a mortgagee will not be deemed an owner unless he is in actual possession of the premises under his mortgage, (Cox v. Broderick, 4 E. D. Smith, 721; Ombony v. Jones, 19 N. Y. 234.)

In the case at bar, Smith, the owner of the equity redemption, was in possession at least to the 20th of November, and the mortgagees, Kind & Lipman, were never in possession. It follows, therefore, that none of the appellants could be regarded as owners before Arendt received his deed, and that none of them could object to anything going on about the building, nor could they enforce any rights or obligations, nor be bound to pay merely because they knew what work was done or material furnished. They were neither legal nor equitable owners, and it required more than mere knowledge to bind them. No one can be said to impliedly consent to a thing he cannot stop, nor can his estate be bound without his consent, and against his will. Riggs v. Chapin, (City Ct. N. Y.) 7 N. Y. Supp. 765; Havens v. Power Co., (Sup.) 20 N. Y. Supp. 764. The word "owner" is carefully defined in paragraph 1 of the mechanic's lien act to be the "owner in fee, or of a less estate, a lessee for a term of years, or vendee in possession under a contract existing at the time of the filing of the notice of lien, or the owner of any right, title, and interest in real estate which may be sold under execution." Arendt's bid and right to the deed was a chose in action, if anything, and not subject to levy or sale under execution. Paragraph 5 of the act expressly provides that, in cases when the owner has made an agreement to sell and convey the premises to the contractor or other person, such other shall be deemed to be the owner, within the intent and meaning of the act, until the deed has been actually delivered and recorded, conveying the premises pursuant to the agreement.

The court below, however, found that $225 worth of the materials furnished by the respondents under their contract with Hutton was delivered after the 20th day of November, 1891,—that

is, after Arendt became the owner by the delivery of the referee's deed,—and they contend that the judgment should be sustained for this amount, at least; and so it would, under the findings of consent, etc., were it not for the further finding in the case that Smith (the former owner) had paid Hutton, his contractor for this hardware, the full amount of his contract, including the respondents' claim, and obtained his receipt therefor. It has been uniformly held by this court, and sustained by the court of appeals, that one who has furnished materials or done work upon a building for a contractor for a portion of the work cannot acquire a lien therefor, against the owner, after the latter has in good faith paid the contractor in full for the work done under the contract, according to its terms. Hagan v. Society, 14 Daly, 131; French v. Bauer, (Com. Pl. N. Y.) 11 N. Y. Supp. 69, affirmed 134 N. Y. 548, 32 N. E. Rep. 77; Carman v. McIncrow, 13 N. Y. 70; Lumbard v. Railroad Co., 55 N. Y. 491; Crane v. Genin, 60 N. Y. 127; Larkin v. McMullin, 120 N. Y. 206, 24 N. E. Rep. 447; Post v. Campbell, 83 N. Y. 282; Gibson v. Lenane, 94 N. Y. 183. In French v. Bauer, supra, the principal contractor was given the benefit of his full lien when there was money coming due on subsequent installments. Had Smith remained the owner, there could be no question but that the lien sought to be enforced in this action could not have been sustained, as against him, for there is no finding that it was not paid in good faith, and without collusion, and in accordance with the terms of the contract between Smith and Hutton. This certainly relieved Smith from any obligation to the plaintiffs. But respondents insist that Smith was a stranger to the property, and his payment should not be regarded; in other words, that it was immaterial what took place between Smith and Hutton. But, as before shown, Smith was not a stranger to the property. On the other hand, he owned the equity of redemption, and was in possession, at the time he made the contract with Hutton, and, as stated by the learned judge who tried the case, in his opinion, (although the fact is not included in his findings,) at that time Arendt had agreed with Smith that he should have, until the 20th of November, at least, the opportunity to dispose of the premises, or to obtain a loan on the same, and thus pay the mortgage which he owed to Kind & Lipman. The contract by Smith, therefore, appears to have been made in the hope of finishing the building, and selling the same, and thus retrieve himself. He therefore had an interest in making the contract. Then, too, the respondents made their contract with Hutton for the hardware, and trusted him. If they did not trust him entirely, but also looked to the property, it was their duty, under numerous decisions, to have filed their liens before the payment was made to Hutton according to the terms of their contract. It is quite true that, as the event happened, the value of the property to Arendt was enhanced by the hardware furnished by plaintiffs; but this was only because Smith failed in his endeavor to produce another purchaser, or a new loan; and this alone cannot make Arendt or any of the

defendants an insurer of the honesty and good faith of Hutton to his subcontractor. There is no rule, either of law or equity, which we know of, which compels Arendt, under these circumstances, to pay the plaintiffs the sum which Smith once paid to his contractor, simply because that contractor did not pay over the money to those entitled to the same. The judgment should therefore be reversed, with costs of the appeal to the appellants. All concur.