HARRIGAN v. GOLDEN et al.

(Supreme Court, Appellate Division, Second Department. June 13, 1899.)

JUDICIAL SALE—DESTRUCTION OF PREMISES BEFORE DEED.

    A purchaser at a judicial sale, though he paid a part of the price, and signed an agreement to pay the balance at a future day certain, when he was to receive his deed, gained no title to the premises thereby, and is not bound to take them, where, before the deed is delivered, the buildings on the premises are destroyed by fire.

Appeal from special term.

Partition proceedings by Mary Harrigan against Margaret Golden and others. From an order refusing to compel George Calleron to complete his purchase made at partition sale, plaintiff appealed. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

A. F. Van Thun, Jr., for appellants.

Edward V. Slauson (Hamilton Anderson, on the brief), for respondent.

WOODWARD, J. We are of opinion that the order appealed from should be affirmed. It is clear that the weight of authority is in favor of the proposition that a purchaser at a judicial sale gains no title, either legal or equitable, until the date fixed for the transfer of the deed. Cheney v. Woodruff, 45 N. Y. 98; Robbins v. Arendt, 4 Misc. Rep. 196, 23 N. Y. Supp. 1019; Mitchell v. Bartlett, 51 N. Y. 447. In

the matter now before us, the purchaser signed a memorandum, paying 10 per cent. of the purchase price, in which he agreed to pay the remainder, or $3,285, on the 9th of March, 1899; that date being fixed as the time when the referee's deed should be ready for delivery. On the 28th day of February, intermediate the day of sale and the time for closing the title, a building which was upon the property when the sale was made was burned to such an extent that the public authorities ordered its demolition, at the same time refusing to permit the construction of a building to take its place, causing a depreciation in the rental value of the property of $80 to $96 per year. The referee was not, therefore, in a position to give the purchaser a title to all of the property which he undertook to sell, and which the purchaser rightfully supposed he was to receive (Riggs v. Pursell, 66 N. Y. 193, 198); and it would be doing him an injustice to compel him to accept and pay for this property, a portion of which had passed beyond the control of the referee before the time fixed for the transfer of the title. The purchaser had acquired no title at the time of the fire, and he cannot be compelled to take title to less property than was involved in the original sale. Goldman v. Rosenberg, 116 N. Y. 78, 86, 22 N. E. 259.

The order appealed from should be affirmed, with costs. All concur.