(29 Misc. Rep. 377.)

## RYDER v. WALL et al.

(Supreme Court, Special Term, Tompkins County.　July 17, 1899.)

1. VENDOR AND PURCHASER—RECOVERY OF PURCHASE MONEY.

Where, under a contract of purchase, the title which the vendors agreed to convey is defective, the vendee is justified in refusing to accept it, and is entitled to recover the purchase money advanced.

2. SAME—RECOVERY OF MONEY ADVANCED FOR REPAIRS.

Where, under a contract to convey land, representing that the vendors had a good title thereto, the vendee has taken possession of the premises, and made necessary repairs and improvements thereon, he is entitled, on

the failure of the vendors to convey a good title, to recover the money actually expended on such repairs and improvements.

3. SAME—MISREPRESENTATION BY VENDORS.

Where several heirs state in a contract of sale that they can convey a good and sufficient title to property, and at the same time know that another heir, having rights therein, is hostile to them, and will probably refuse to join with them in a conveyance, and such heir does refuse to join, they are guilty of a legal fraud.

4. SAME—RIGHTS OF PURCHASER WHERE TITLE IS DEFECTIVE.

Where a vendee has taken possession of land in good faith under a contract of sale, and made repairs and improvements thereon, relying on the representations of the vendors that they would convey a good title, and the vendors fail to convey such title within the time stated, he is entitled to a return of the money advanced by him towards the purchase, and for repairs and improvements, and to be restored to his former standing.

5. COSTS—DEFENDANT'S RIGHT TO.

A defendant is entitled to costs where his defense was necessary and prevailed, though he did not do what he might have done towards aiding a settlement of the controversy out of court.

Action in partition by James F. Ryder against Patrick Wall, impleaded with Philip S. Ryder and others. There was a report by a referee, which is confirmed.

Newman, Blood & Banks, for plaintiff.
Simeon Smith, for defendants.

FORBES, J. This is an action in partition, brought by James F. Ryder, one of the heirs of John Ryder, late of the city of Ithaca, deceased, against Philip S. Ryder and the other heirs, who were tenants in common .of said premises, and Patrick Wall, who was in possession of said real estate under a contract of purchase. The contract was made by Philip S. Ryder, for said heirs, with the defendant Wall, on the 2d day of September, 1898. Philip S. Ryder was duly authorized to make said contract in behalf of all of the Ryder heirs except one, a Miss Florence Hyman. At the time the contract was entered into on behalf of Philip S. Ryder and the other heirs, the premises were held under a lease by a tenant of the plaintiff and the Ryders. The contract was made subject to that lease, and the defendant Wall went into the immediate possession of the entire premises as a purchaser. At the time the contract was made and entered into, the Ryders were undoubtedly confident that the agreement so made could be consummated, and that a proper deed could be executed, under the terms of said instrument, conveying said property to Wall, who entered into the contract in good faith, and in the belief that Philip S. Ryder and the other contracting heirs of said deceased had a good and sufficient title to said premises, and that they then had the right to sell and convey the entire premises. The Ryders knew that Florence Hyman, a daughter of one of the deceased brothers, John H. Ryder, was the owner, by devise, of a one-eighth undivided interest in said premises. They also knew that said Florence Hyman was acting in hostility to their title, and that she had been stubbornly refusing to convey her interest to them; but still they expected to subsequently secure from her, through some source, a conveyance of her interest in said premises. These facts were concealed from said

Wall; nor did he, at the time, know what were the real relations between the contracting heirs of said John Ryder and the defendant Florence Hyman. At the time of making the contract, the sum of $35 was paid to one Pierce, the real-estate agent who was authorized to enter into the contract between the defendant Wall and Philip S. Ryder and those whom he was authorized to represent. Philip S. Ryder had no authority to represent, nor to make said contract with said Wall, on behalf of the defendant Florence Hyman. The evidence shows that some litigation had been or was then pending between these heirs and Miss Hyman. The defendant Wall, in total ignorance of the real situation, went into the immediate possession of said premises. The tenant removed therefrom, and Wall commenced to repair the house upon said premises by raising the building, and making some additions and necessary repairs thereto, for the purpose of renting the same. He had also secured a tenant for said premises at a fair annual rent. The fact that Wall was making these repairs was well known to said Philip S. Ryder. The improvements by the defendant Wall proceeded thus uninterruptedly until he had expended the sum of $306.84, when he was finally informed by Mr. Newman, who was then acting for the Ryders, that there was some difficulty with reference to acquiring the title from Miss Hyman, and that he had better suspend making further repairs until the question of securing the title should be settled. Said repairing was then suspended. After prolonged negotiations and correspondence between the Ryders, their attorney, Mr. Newman, and the defendant Miss Hyman and her attorney, Mr. Myers, the Ryders failed to secure from Miss Hyman a deed of her interest in said premises; Miss Hyman absolutely refusing to deed to the Ryders on any terms. After such failure, Mr. Newman, on behalf of the Ryders, applied to Mr. Wall to purchase the Hyman interest for the Ryders, consenting to allow him upon said purchase, provided he would personally take the title which they had failed to get from said Hyman, the whole amount which he should be compelled to pay to secure her interest in and title to said premises. This Wall declined to do, the time for the completion of said contract having then nearly or quite expired. Miss Hyman subsequently came to Ithaca, and, as I infer from the evidence, she did transfer her title to a third person, who took it at the suggestion of the defendant Wall, and, as I think, in his interest; Wall refusing to take the title to the other seven shares, but still insisting that the contract to convey, on the part of the Ryders, must be performed. Just before or after the refusal of said Wall to so take said premises this action in partition was commenced, and an answer was subsequently interposed by said Wall, setting up his equities in the premises, claiming that the defendants the Ryders had failed to complete their agreement to convey to him said premises and to give him a good and sufficient warranty deed thereof. The title which the Ryders offered to convey to Wall was defective, and therefore I think he was justified in not accepting or receiving the title which was offered to him under his contract, since he could not be compelled to bid on the sale of said premises, nor was it his duty to perfect said title. Jenks v. Quinn, 137 N. Y. 223, 33 N. E. 376.

The real question in dispute is whether said Wall ought to recover the sum of $35, and an additional cash sum which he subsequently advanced, amounting in all to $42; and also whether, in equity, he ought to recover the amount of money which he has expended in good faith in making said repairs and improvements upon said property. It is pretty difficult to say exactly to what extent the property has been increased in value by the repairs and improvements which Wall made. Still I think that the repairs were necessary to the renting or the occupation and use of said building and premises; that they were made with the expectation at that time by said Wall that he was to have a good and sufficient title to the whole of said premises under said contract. There seems to be no question that he is entitled, as matter of law, to all of the money which he actually advanced towards said purchase price. This is clear within the case of Walton v. Meeks, 120 N. Y. 79, 23 N. E. 1115. I am also convinced that the defendant Wall is entitled, in equity, to recover that sum of money which he has actually expended in making the repairs and improvements which he put upon said premises. Had the defendant Philip S. Ryder and those whom he represented disclosed to Wall all of the known facts at or before the time when he entered into said contract of purchase, a different rule undoubtedly should prevail. It is also clear that Wall was led to believe, and did believe, that a good and sufficient title to the whole of said premises could be obtained through said Ryders under the contract. While I do not believe that Philip S. Ryder and those whom he represented willfully and maliciously attempted to deceive Mr. Wall, still it is evident to me that Mr. Wall would not have entered into the contract, nor would he have made any repairs upon the premises, nor advanced any money on said purchase, had the real situation been disclosed to him. It is a principle of law that where one assumes to know a material fact, and intends to convey that knowledge to another, when he knows that he has no knowledge on the subject, though he believes it may be true, and does not intend to deceive, still.it is a legal fraud. Marsh v. Falker, 40 N. Y. 562; Daly v. Wise, 132 N. Y. 306, 30 N. E. 837; Hadcock v. Osmer, 153 N. Y. 604, 47 N. E. 923. Since the defendants the Ryders knew of, and had reason to believe, that the hostility existing between themselves and Miss Hyman continued unabated, and that they could not probably secure the title from her directly, and still represented to Wall that they held a good and sufficient title, and were able to convey such title, to the whole of said premises, when they well knew that they could not so convey, it must, therefore, be held to be a legal fraud. Delaney v. Valentine, 154 N. Y. 692, 49 N. E. 65. The time for the execution and delivery of the deed having expired, and the Ryders having failed to secure the title which they covenanted and agreed to convey, and Wall having taken possession of the property in good faith, making repairs and improvements thereon, relying on the representations made with reference to the ability of the Ryders to give a good and sufficient deed of said premises, the equitable defense should prevail, and the said Wall should be restored to his former standing, within the following authorities: Harrigan v. Golden (Sup.) 58 N. Y. Supp. 726; Ford v.

Knapp, 102 N. Y. 135, 6 N. E. 283; Thomas v. Evans, 105 N. Y. 601, 12 N. E. 571; Walton v. Meeks, 120 N. Y. 79, 23 N. E. 1115; In re Strasburger, 132 N. Y. 128, 30 N. E. 379; Cosgriff v. Foss, 152 N. Y. 104, 46 N. E. 307; Stevens v. Melcher, 152 N. Y. 551, 46 N. E. 965; McGillis v. McGillis, 154 N. Y. 532, 49 N. E. 145. I am not quite satisfied, however, that Mr. Wall did all he might have done in aiding the defendants the Ryders to secure said title, and still, under the circumstances, I do not think he should be charged with costs. Since his defense was necessary, and has prevailed, he is entitled to costs, to come out of the entire property.

The report of the referee and the sale are confirmed, and the plaintiff is awarded the costs of this action against all of the defendants except the defendant Wall, and judgment is ordered accordingly.