ANTHONY SZATKUS and Another, Plaintiffs, *v.* FRED W. SCHAUB and Others, Defendants.

Supreme Court, Saratoga County, August 13, 1931.

*Wyllys A. Dunham,* for the plaintiffs.

*Lawrence B. McKelvey* [*Brenton Taylor* of counsel], for the defendants.

HEFFERNAN, J.    The facts are stipulated.    On October 12, 1926, plaintiffs were the owners in fee of the premises described in the complaint consisting of a farm then in operation, a dwelling house,

barn and outbuildings. They were also the owners of certain livestock, tools and machinery for cultivating the land together with crops, both harvested and unharvested, all located on the premises. On that day they entered into an agreement with one Schaub by the terms of which they agreed to convey to him the real property and personal property consisting of " two cows, about one hundred hens, all tools, farming implements and machinery and all crops " for the sum of $1,950. At the time of the execution of this agreement Schaub paid $600 on account of the purchase price. The balance was to be paid at the rate of $200 annually with interest. No other payments were ever made. The contract also provided that " on payment of the total principal sum of one thousand dollars the title to the personal property herein before mentioned shall become the absolute property of the party of the second part [Schaub], his executors, administrators or assigns." The contract also required the purchaser " to keep the premises in as good a condition as they are now in until said purchase price is fully paid with interest, as aforesaid." The vendee also bound himself " to keep the building erected or to be erected on said premises insured against loss or damage by fire for the benefit of the parties of the first part [vendors] or their assigns in amount not less than $1,000." The purchaser was given immediate possession of the real and personal property. He continued in possession until November 27, 1926, when all the buildings on the premises, except a small outhouse of little or no value, and all the personal property were destroyed by fire of unknown origin. Schaub's body was found in the ruins of one of the buildings. The buildings on the premises and the personal property referred to constituted the principal part of the value of the property described in the contract of sale. After the fire the lands were worth not to exceed $400.

At the time of the fire the buildings were covered by a policy of fire insurance written by the defendant insurance company in the sum of $1,000. The premium on this policy was paid by plaintiffs' predecessors in title. Plaintiffs reimbursed them therefor: By an indorsement on the policy the loss, if any, was payable to defendant Willitis, mortgagee, as his interest might appear. The loss was adjusted at the full amount which the insurance company has paid into court. The plaintiffs, pursuant to an acceleration clause in the contract, have elected to declare the entire unpaid balance of principal under the agreement due and payable.

In this action plaintiffs are asking for judgment directing the insurer to pay them the adjustment monies, and also that the

defendants Schaub who, in addition to the administrator, are the heirs and next of kin of the vendee, be foreclosed of all title to the premises and that the administrator be adjudged to pay any deficiency.

The answer in an affirmative defense alleges that the buildings and personal property constituted the principal part of the value of the purchase under the contract and that their existence was a substantial inducing cause of the purchase, and defendants ask for a declaratory judgment rescinding and cancelling the contract and directing the plaintiffs to return to the administrator the down payment of $600 and that the insurance money be held in trust to satisfy defendants' demands. The contention of the administrator is that the accidental destruction of the buildings and personal property makes performance of the agreement by the plaintiffs impossible and entitles him, at his election, to rescind the contract and recover the amount paid thereon.

Indissolubly bound with the question of whether the destructive fire has made it impossible for plaintiffs to complete their executory agreement is the question of the burden of the loss. The ultimate determination of that question depends on whether the title has passed, as it is the general rule that the risk follows the title. If the loss is upon the vendor the vendee cannot be compelled to perform. (*Harrigan* v. *Golden*, 41 App. Div. 423.)

The general rule is that after the making of an unconditional contract for the sale of real property, and before a conveyance is made, the purchaser is ordinarily regarded as the equitable owner. On that ground he must assume the risk of a partial destruction or deterioration of the property from the date of the making of the contract, if the loss is not due to a fault of the vendor and the vendor at the time of the loss is not in default and is able to convey a good title. That is the rule laid down in England (*Paine* v. *Meller*, 6 Ves. Jr. 349) and accepted in most jurisdictions in this country. This rule was referred to with approval and adopted in *Sewell* v. *Underhill* (197 N. Y. 168). It is well recognized, however, that the parties may by contract place the burden upon the vendor. (*Brownell* v. *Board of Education*, 239 N. Y. 369.)

It is manifest from the facts in this case that the parties meant to bargain for specific real and personal property and that there has been a destruction of the buildings and of the personal property constituting the subject matter of the contract occurring before the time fixed for performance, without the fault of either party. The vendors agreed to sell, and the vendee to buy, mixed property, real and personal. The price of both was single, the sum of $1,950.

A contract for the sale of land and personalty for a single consideration is indivisible.

The contract is specific in its reservation of title to the personal property in the vendors. It says that on payment of the total principal sum of $1,000 " the title to the personal property herein before mentioned shall become the absolute property of the party of the second part [vendee], his executors, administrators or assigns." The vendors have engaged without qualification to give the vendee title to the personal property when his payments aggregate a certain sum. Because of the destruction of this property it is now impossible for them to comply with this covenant. As to such property the vendee's administrator cannot compel the vendors to perform. (*Dexter* v. *Norton*, 47 N. Y. 62.)

The contract under consideration in so far as it relates to the personal property is by its terms expressly conditional in its inception. The loss occurred before it became absolute by the performance of the condition. At the time of its destruction the plaintiffs were the owners of the personal property. The contract was entire. Under these circumstances the loss falls on them. Where land and personal property are both the subject of the contract the agreement is entire, and the personal property being destroyed, the vendor cannot perform; and as the vendee cannot get what he contracted for he is not liable for the price in an action at law and is entitled to recover what he paid. (*Clinton* v. *Hope Insurance Co.*, 45 N. Y. 454; *Listman* v. *Hickey*, 65 Hun, 8; affd., 143 N. Y. 630.) The rule in these cases is well grounded in the English law. (*Bacon* v. *Simpson*, 3 Mees. & W. 78.)

The provision in the contract binding the vendee to " keep the premises in as good a condition as they are now in until said purchase price is fully paid * * * " has, in this case, no bearing on the question as to who shall suffer the loss by fire. It is not a covenant to assume the risk of such loss. Just such a contingency is provided for in the clause by which the buildings are to be kept insured for the benefit of the vendors. Cases involving the effect of a covenant by a vendor to convey premises in as good condition as they are at present recognize that such a covenant is not operative to vary the rule as to the burden of loss when the agreement elsewhere anticipates such a happening and makes provision therefor. (*Hawkes* v. *Kehoe*, 193 Mass. 419; *Wells* v. *Calnan*, 107 id. 514.) The vendee's covenant to keep the premises in good condition does not include the personal property.

It necessarily follows that with the title to the personal property in the vendors the loss falls on them. The contract being an entire and not a severable one the destruction of the personal

property releases both parties from performance. The vendee's administrator is entitled to a decree rescinding the contract and refunding the sum of $600 paid thereon, this sum to be declared payable out of plaintiffs' share in the insurance monies; if this sum should be insufficient the administrator is entitled to a personal judgment against plaintiffs for the balance.